UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-308-JLS-AGRx                                    Date: May 15, 2017
Title: Seyed Ali Razavi v. Caliber Home Loans, Inc., et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                              Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS PLAINTIFF'S VERIFIED COMPLAINT (Doc. 12)**

Before the Court is a Motion to Dismiss filed by Defendant JPMorgan Chase Bank, N.A.[1] (Mot., Doc. 12.)  Plaintiff Seyed Ali Razavi opposed.  (Opp., Doc. 15.)  No reply was filed.  Having taken the matter under submission and considered the parties' briefs, the Court GRANTS IN PART and DENIES IN PART Chase's Motion to Dismiss.

**I.     BACKGROUND[2]**

On March 23, 2000, Razavi acquired the subject property, a single family residence, and has resided there ever since.  (Compl. ¶¶ 15, 23, Doc. 1-1.)  In mid-2007, Washington Mutual Bank FA contacted Razavi to offer a refinance loan on the property for $675,000 at a 30-year fixed interest rate of 6.375%.  (*Id.* ¶ 15.)

Although Razavi was attending medical school at the time and had no income, Washington Mutual explained that he qualified for a loan because he would be able to afford it after graduating.  (*Id.* ¶ 16.)  Washington Mutual also stated that it would work

---
[1] The other, non-moving Defendants in this action are Caliber Home Loans, Inc., U.S. Bank Trust N.A., and Quality Loan Service Corporation.  (*See* Compl., Doc. 1-1.)
[2] For purposes of a motion to dismiss, we accept these factual allegations as true.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:17-cv-308-JLS-AGRx | Date: May 15, 2017 |
| Title: Seyed Ali Razavi v. Caliber Home Loans, Inc., et al. | |

with Razavi to obtain a loan modification to make the loan affordable. (*Id.*) Washington Mutual allegedly told Razavi that the monthly payment would be $2,650, that there was no hidden fee, and that the interest rate would be lowered through loan modification. (*Id.* ¶ 17.) Razavi accepted the loan based on these representations because he was not in a position to afford the loan otherwise. (*Id.*) The loan agreement was memorialized with a Note, a Deed of Trust, and a Second Home Rider. (*Id.* ¶ 18; Compl., Ex. A, Doc. 1-1.) The Note and Deed of Trust identifies the Borrower as Seyed Ali Razavi, the Lender as Washington Mutual, and the Trustee as the California Reconveyance Company. (*Id.*)

The loan was then transferred to Chase when Washington Mutual and Chase merged. (Compl. ¶ 19.)

Contrary to Razavi's expectations, Razavi later discovered that Washington Mutual and Chase had failed to pay property taxes on the subject property. (*Id.* ¶ 20.) Upon contacting Chase, Chase increased the monthly mortgage payment from $2,650 to $4,650, on the grounds that it needed the money to pay for the property taxes. (*Id.*) Razavi alleges that he had no choice but to make the payments in order to keep his house. (*Id.* ¶ 21.) However, Razavi later discovered that Chase failed to pay the taxes and insurance on the subject property even after the increase in monthly payments. (*Id.*) Nor did Chase apply the increase in monthly payments to Razavi's loan balance. (*See id.*) In addition, Chase added fees to the monthly payment, resulting in an additional $30,000 charge to Razavi's account. (*Id.*) When Razavi contacted Chase to inquire about assistance on his loan, Chase instructed him to default on his mortgage payments so that Chase could provide a loan modification. (*Id.* ¶ 22.)

Razavi therefore defaulted on his payments and submitted all requested documents to Chase. (*Id.* ¶ 24.) Chase allegedly led Razavi to believe that he qualified for loan modification, particularly under the HAMP program. (*Id.*) However, Chase failed to provide Razavi with a single point of contact, and throughout the loan modification process, several Chase representatives repeatedly requested documents from Razavi that he had already submitted. (*Id.* ¶ 25.) Chase's failure to coordinate and process Razavi's documents caused Razavi to fall further behind on his payments. (*Id.*) Whenever Razavi inquired about making a payment, Chase would tell him to wait until the review process was completed. (*Id.*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:17-cv-308-JLS-AGRx | Date: May 15, 2017 |
| Title: Seyed Ali Razavi v. Caliber Home Loans, Inc., et al. | |

During the review process, Chase initiated the foreclosure process on Razavi's property. (*Id.* ¶ 26.) On about March 4, 2011, the California Reconveyance Company recorded a Notice of Default on the subject property on behalf of Chase. (*Id.* ¶ 27; Compl., Ex. B, Doc. 1-1.) Attached to the Notice of Default was a Declaration of Compliance stating that Chase had satisfied the requirements under California Civil Code § 2923.5 to discuss with Razavi his financial situation and to explore options to avoid foreclosure. (*Id.*) Razavi alleges that this declaration was false as no real attempt had been made to help him avoid foreclosure. (Compl. ¶ 27.) On about August 8, 2011, the California Reconveyance Company recorded a Notice of Trustee's Sale. (*Id.* ¶ 28, Compl., Ex. C, Doc. 1-1.)

Razavi reached out to Chase again regarding his modification status, and in October 2011, Chase offered Razavi a Trial Payment Plan ("TPP") which he accepted. (*Id.* ¶ 29.) Razavi made three successful payments under the TPP, and on about January 18, 2012, Chase confirmed that the loan would be permanently modified based on Razavi's timely payments. (*Id.*) The new monthly payment was to be $2,482.38. (*Id.*) However, when Razavi tried to make payments under the modified terms and to inquire about the full loan terms and disclosures, Chase refused to accept his payments and placed him back into review status and re-started foreclosure proceedings. (*Id.* ¶ 30.) About January 18, 2013, the California Reconveyance Company recorded another Notice of Trustee's Sale on Razavi's property. (*Id.* ¶ 31; Compl., Ex. D, Doc. 1-1.)

Razavi continued to reach out to Chase regarding the status of his loan modification application and the foreclosure activity on his home. (Compl. ¶ 32.) Chase assured Razavi that no foreclosure would occur as Razavi was being reviewed for loan modification and his finances and hardship would qualify him for a modification. (*Id.*)

On about May 14, 2013, a Corporate Assignment Deed of Trust ("CADOT") was recorded which transferred title and interest in the Deed of Trust on the subject property from the FDIC, as receiver of Washington Mutual, to Chase. (*Id.* ¶ 33; Compl., Ex. E, Doc. 1-1.) About November 26, 2013, the California Reconveyance Company recorded yet another Notice of Trustee's Sale on the subject property. (Compl. ¶ 34; Compl., Ex. F, Doc. 1-1.) On about January 22, 2014, a Substitution of Trustee was recorded substituting ALAW as Trustee of the Deed of Trust. (Compl. ¶ 35; Compl., Ex. G, Doc.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  8:17-cv-308-JLS-AGRx | Date: May 15, 2017 |
| Title:  Seyed Ali Razavi v. Caliber Home Loans, Inc., et al. | |

1-1.)  On about February 5, 2014, ALAW recorded a Notice of Trustee's Sale on the subject property.  (Compl. ¶ 36; Compl., Ex. H, Doc. 1-1.)

In April 2014, Chase confirmed to Razavi that his loan modification review was ongoing.  (Compl. ¶ 37.)  However, Chase again proceeded with foreclosure activity before completing the review and continued charging fees and costs on Razavi's loan. (*Id.*)  About September 5, 2014, ALAW recorded another Notice of Trustee's Sale.  (*Id.* ¶ 38; Compl., Ex. I, Doc. 1-1.)  After all this time, Chase denied Razavi's loan modification application stating that his income was not high enough.  (Compl. ¶ 39.)  No other explanation was provided.  (*Id.*)  Razavi appealed but received no response.  (*Id.*)

Chase then transferred Razavi's loan to Defendants U.S. Bank Trust, N.A. and Caliber Home Loans, Inc. about January 2, 2015.  (*Id.* ¶¶ 40–41; Compl. Ex. J., Doc. 1-1.)  Like he did with Chase, Razavi began communicating with U.S. Bank and Caliber regarding loan modification.  (Compl. ¶¶ 43–45.)  About October 16, 2015, a Substitution of Trustee was recorded substituting Defendant Quality Loan Service Corporation as Trustee of the Deed of Trust.  (*Id.* ¶ 42; Compl., Ex. K, Doc. 1-1.)  While going through the loan modification application process with U.S. Bank and Caliber, Caliber and U.S. Bank moved forward with a Trustee's Sale on November 7, 2016.  (Compl. ¶ 46.)  On about November 15, 2016, Defendant Quality Loan Service Corporation, as Trustee, recorded a Trustee's Deed Upon Sale and granted all interest in the subject property to U.S. Bank.  (*Id.* ¶ 49; Compl., Ex. M, Doc. 1-1.)

Based on the above allegations, Razavi filed a Complaint in Orange County Superior Court on January 18, 2017, asserting the following claims against Defendants: (1) wrongful foreclosure; (2) promissory estoppel; (3) negligent misrepresentation; (4) cancellation of instruments; (5) breach of the implied covenant of good faith and fair dealing; (6) violation of the Homeowners' Bill of Rights; (7) violation of the California UCL; (8) conversion and unjust enrichment; and (9) quiet title.  (Compl. ¶¶ 58–132.) Defendants removed the action to this Court on February 22, 2017.  (Notice of Removal, Doc. 1.)

Chase now moves to dismiss the claims against it.  (Mot.)

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-308-JLS-AGRx                                                          Date: May 15, 2017
Title:  Seyed Ali Razavi v. Caliber Home Loans, Inc., et al.

## II. <u>LEGAL STANDARD</u>

In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-pleaded factual allegations" in a complaint.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Furthermore, courts must draw all reasonable inferences in the light most favorable to the non-moving party.  *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).  However, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

 "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. at 555.  Thus, a complaint must (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively[,]" and (2) "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

## III. <u>DISCUSSION</u>

Razavi brings several claims against Defendants in this action, and according to his Complaint, each claim is asserted against each Defendant.  Only Chase is moving to dismiss in the instant Motion.  The Court considers each of Chase's arguments in turn.

### A. <u>Negligent Misrepresentation</u>

The elements of negligent misrepresentation are (1) a false representation as to a past or existing material fact; (2) which the defendant had no reasonable ground for

___

**CIVIL MINUTES – GENERAL**                                    5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-308-JLS-AGRx                                          Date: May 15, 2017
Title:  Seyed Ali Razavi v. Caliber Home Loans, Inc., et al.

believing to be true; (3) with intent to induce reliance; (4) justifiable reliance on the part of the plaintiff; and (5) resulting damage to the plaintiff.  *West v. JPMorgan Chase Bank, N.A.*, 214 Cal. App. 4th 780, 792 (2013).  Chase contends that a heightened pleading standard applies to negligent misrepresentation claims.  (Mem. at 7–8, Doc. 12.)  However, the heightened pleading standards of Rule 9(b) apply only to "averments of fraud."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003).  Where a claim is based partly on fraudulent conduct and partly on non-fraudulent conduct, "only the allegations of fraud are subject to Rule 9(b)'s heightened pleading requirements."  *Id.* at 1104.  "Negligent misrepresentation is narrower than fraud."  *Shamsian v. Atlantic Richfield Co.*, 107 Cal. App. 4th 967, 984 (2003).  Unlike fraud, negligent misrepresentation "lacks the element of intent to deceive."  *Intrieri v. Superior Court*, 117 Cal. App. 4th 72, 86 (2004).  A defendant can be liable for negligent misrepresentation honestly believing that its false statements are true.  *Bily v. Arthur Young & Co.*, 3 Cal. 4th 370, 407–08 (1992) (in bank) (citations omitted).  Here, Razavi does not allege any fraudulent conduct by Chase.  Therefore, the ordinary *Twombly/Iqbal* pleading standard applies.

   Under that standard, Razavi adequately pleads a plausible claim of negligent misrepresentation against Chase.  Razavi alleges that when he contacted Chase for assistance with his loan, Chase told him to default on his payments so that it could provide him with a loan modification.  (Compl. ¶ 22.)  In reliance, Razavi defaulted on his loan payments.  (*Id.* ¶ 24.)  Razavi further alleges that from 2010 to 2015, he was in constant communication with Chase regarding his loan modification application, and he submitted all requested documents to Chase.  (*Id.* ¶¶ 24–25.)  Rather than reviewing his application in good faith, Chase proceeded with foreclosure activity.  (*See id.* ¶¶ 26–28, 30–38.)  During this period, Razavi asked Chase about the status of his application and Chase's foreclosure activity, and Chase represented to Razavi that no foreclosure would occur because he was being reviewed for a loan modification and his finances and hardship qualified him for a modification.  (*Id.* ¶ 32.)  In reliance, Razavi forewent other opportunities to save his home and avoid foreclosure.  (*Id.* ¶ 47.)  However, contrary to Chase's representations, it ultimately denied Razavi's application with the explanation that "his income was not enough."  (*Id.* ¶ 39.)  Chase gave no other explanation, and it did not respond to Razavi's appeal.  (*Id.*)  On January 2, 2015, Chase assigned its interest in

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  8:17-cv-308-JLS-AGRx | Date: May 15, 2017 |
| Title:  Seyed Ali Razavi v. Caliber Home Loans, Inc., et al. | |

the Deed of Trust to U.S. Bank.  (*Id.* ¶ 41.)  Eventually, U.S. Bank and Caliber moved forward with the Trustee's Sale and sold the subject property.  (*Id.* ¶¶ 46, 49.)

These allegations state a claim for negligent misrepresentation.  Chase's alleged representations to Razavi regarding loan modification were false.  Razavi never obtained a permanent loan modification and his home was ultimately sold in foreclosure proceedings.  Razavi further alleges that Chase never considered his application in good faith.  Rather, for several years Razavi was in contact with different representatives, each of whom asked him to submit the same documents he had submitted before, and Chase ultimately denied his application for no more reason than Razavi's income was too low.  (*See id.* ¶¶ 25, 39.)  Given that Razavi alleges that Chase was engaging in foreclosure activity throughout the review process, Chase did not have reasonable grounds for believing its representations to be true, yet it also plainly intended for Razavi to rely on those representations as they were made in response to Razavi's inquiries about the review process and Chase's apparent foreclosure activity.  (*See id.* ¶ 32.)  There is no basis in the Complaint to conclude that Razavi's reliance was not justified, and Chase does not provide any.  Contrary to Chase's assertion, Razavi explains how his reliance was detrimental—he was harmed by foregoing other opportunities to save his home and avoid foreclosure.

Accordingly, Razavi adequately pleads a claim of negligent misrepresentation against Chase.

**B.      Promissory Estoppel**

The elements of a promissory estoppel claim are "(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) [the] reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance." *Aceves v. U.S. Bank, N.A.*, 192 Cal. App. 4th 218, 225 (2011).  Chase argues that Razavi's promissory estoppel claim fails because Chase never promised that Razavi would obtain a loan modification, and to the extent Chase agreed to consider Razavi for a loan modification, it did so.  (Mem. at 7.)  However, Razavi does not narrowly allege that Chase guaranteed him a loan modification.  Rather, Razavi alleges that Chase promised him a bona fide and good faith

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-308-JLS-AGRx                                      Date: May 15, 2017
Title:  Seyed Ali Razavi v. Caliber Home Loans, Inc., et al.

loan modification review.  (Compl. ¶ 68.)  Razavi has pleaded sufficient facts to establish that Chase actually did not engage in a bona fide and good faith review of his loan modification application.  *(See id.* ¶¶ 25–38.)  Based on Chase's promise, Razavi defaulted on his loan payments and forewent other opportunities to save his home.  (*See id.* ¶¶ 24, 47.)  Razavi's reliance on his lender and servicer's promises was reasonable and foreseeable, and he adequately pleads harm from his reliance.

Accordingly, Razavi pleads a claim of promissory estoppel against Chase.

C.      **Violation of Homeowners' Bill of Rights**

The Homeowners' Bill of Rights ("HBOR") was enacted "to ensure that, as part of the nonjudicial foreclosure process, borrowers are considered for, and have a meaningful opportunity to obtain, available loss mitigation options, if any, offered by or through the borrower's mortgage servicer, such as loan modifications or other alternatives to foreclosure."  *Valbuena v. Ocwen Loan Servicing, LLC*, 237 Cal. App. 4th 1267, 1272 (2015) (quoting Cal. Civ. Code § 2923.4(a)) (internal quotation marks omitted).  The HBOR provides a private right of action to borrowers.  *See* Cal. Civ. Code § 2924.12.  Here, Razavi alleges that Chase violated Sections 2924.11, 2923.7, 2924.17, and 2924(a)(6) of the HBOR.[3]  (Compl. ¶¶ 104–07.)

Chase argues that Razavi's HBOR claim must be dismissed by pointing to Section 2924.15(a) of the HBOR which states that "[u]nless otherwise provided, paragraph (5) of subdivision (a) of Section 2924, and Sections 2923.5, 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, and 2924.18 shall apply only to first lien mortgages or deeds of trust that are secured by owner-occupied residential real property containing no more than four dwelling units."  (Mem. at 10 (quoting Cal. Civ. Code § 2924.15(a)).)  "Owner-occupied" means property that is "the principal residence of the borrower and is security for a loan made for personal, family, or household purposes."  Cal. Civ. Code § 2924.15   Razavi

---

[3] Razavi asserts other violations of the HBOR in his Opposition, but the opposition brief is not a vehicle for introducing new allegations of liability.  *See Schneider v. Cal. Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("'[N]ew' allegations contained in the . . . opposition motion, however, are irrelevant for Rule 12(b)(6) purposes.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  8:17-cv-308-JLS-AGRx | Date: May 15, 2017 |
| Title:  Seyed Ali Razavi v. Caliber Home Loans, Inc., et al. | |

alleges that the subject property is owner-occupied and that he has been a resident of the subject property, a single family residence, since the day it was purchased on March 23, 2000.  (Compl. ¶¶ 15, 23.)  Chase argues that the Second Home Rider attached to Razavi's Complaint establishes that the subject property is not owner-occupied.  (Mem. at 10.)  The "Second Home Rider" states that Razavi "shall occupy, and shall only use, the Property as [his] second home."  (Compl., Ex. A, "Second Home Rider.")

At most, the Second Home Rider merely creates a factual dispute as to whether the subject property is "owner-occupied" as that term is defined under Civil Code Section 2924.15.  Resolution of such disputes is premature on a motion to dismiss.  Here, making reasonable inferences in the light most favorable to Razavi, the Court finds that Razavi has sufficiently pleaded that the subject property was "owner-occupied."

The sum total of Chase's remaining argument for dismissal of the HBOR claim is a bare assertion that Razavi has "failed to allege specific facts" showing how Chase violated any of the provisions of the HBOR.  (Mem. at 11.)  Such a vague and conclusory argument is insufficient when the Complaint provides facts and explanation as to which HBOR provisions Chase violated.  (*See* Compl. ¶¶ 102–08.)  Moreover, Razavi's Opposition sets forth additional arguments as to how Razavi adequately pleads his HBOR claim, and Chase did not file any reply.  The Court declines to search Razavi's Complaint for flaws when Chase fails to support its motion.

Accordingly, the Court finds no basis to dismiss the HBOR claim against Chase.

### D.  Conversion

"Conversion is any act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein."  *Messerall v. Fulwider*, 199 Cal. App. 3d 1324, 1329 (quoting *Igauye v. Howard*, 114 Cal. App. 2d 122, 126 (1952)) (internal quotation marks omitted).  The elements of conversion are "(1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages."  *Welco Electronics, Inc. v. Mora*, 223 Cal. App. 4th 202, 208 (2014).  "It is not necessary that there be a manual taking of the property; it is only necessary to show an assumption of control or ownership over the property, or that the alleged converter has applied the property to his own use."

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:17-cv-308-JLS-AGRx | Date: May 15, 2017 |
| Title: Seyed Ali Razavi v. Caliber Home Loans, Inc., et al. | |

*Messerall*, 199 Cal. App. 3d at 1329 (quoting *Igauye*, 114 Cal. App. 2d at 126) (internal quotation marks omitted). Nor does a plaintiff need to show legal title to the property; it is enough for him to show that he "was entitled to immediate possession at the time of conversion." *Id.* (quoting *Bastanchury v. Times-Mirror Co.*, 68 Cal. App. 2d 217, 236 (1945)) (internal quotation marks omitted) (italics removed).

Razavi alleges that Chase converted his mortgage payments on his loan by adding fees to the loan balance and failing to apply his payments to the loan or to pay taxes and insurance. (Opp. at 17; *see also* Compl. ¶¶ 20–21, 125.) Even accepting these allegations as true, Razavi fails to state a claim of conversion. The Note and Deed of Trust on the subject property empowered Chase to collect payment from Razavi to recover funds, not only for principal and interest on the loan, but also for other expenses such as taxes and insurance on the subject property. (*See* Compl., Ex. A, "Note" § 6(E); Compl., Ex. A, "Deed of Trust" §§ 1–5, 9–10.) Chase was also empowered to assess fees and charges on the loan in certain situations. (*See, e.g.*, Note § 6(A); Deed of Trust § 9.)

Therefore, Chase did not necessarily commit any wrongful act or disposition of property rights when it charged Razavi for taxes, insurance, and other fees, and when Razavi made his payments to Chase. That Chase later failed to apply the payments as it said it would, or engineered situations to generate additional fees, may create the basis for a different claim, but it does not satisfy the elements of conversion. Even if Chase failed to apply Razavi's payments to property taxes and insurance, or assessed fees and charges for foreclosure proceedings it could have avoided, it does not follow that Razavi was entitled to immediate possession of those misapplied funds when they were collected—he still owed those property taxes and insurance premiums, and Chase was empowered under the Note and Deed of Trust to collect those funds and related charges.

Accordingly, Razavi fails to plead a claim of conversion against Chase.

### E. Unjust Enrichment

Under California law, "unjust enrichment" is not a standalone claim for relief. *Astiana v. Hain Celestial Group, Inc.*, 783 F.3d 753, 762 (9th Cir. 2015). The phrase describes "the theory underlying a claim that a defendant has been unjustly conferred a benefit 'through mistake, fraud, coercion, or request.'" *Id.* (citation omitted). "The

___

___

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  8:17-cv-308-JLS-AGRx | Date: May 15, 2017 |
| Title:  Seyed Ali Razavi v. Caliber Home Loans, Inc., et al. | |

return of that benefit is the remedy 'typically sought in a quasi-contract cause of action.'" *Id.* (citations omitted).  However, "[w]hen a plaintiff alleges unjust enrichment, a court may 'construe the cause of action as a quasi-contract claim seeking restitution.'" *Id.* (quoting *Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 231 (2014)).  Under the law of restitution, "[a]n individual is required to make restitution if he or she is unjustly enriched at the expense of another. . . . A person is enriched if the person receives a benefit at another's expense." *McBride v. Boughton*, 123 Cal. App. 4th 379, 389 (2004) (citations and internal quotation marks omitted).  However, "[e]ven when a person has received a benefit from another, he is required to make restitution 'only if the circumstances of its receipt or retention are such that, as between the two persons, it is unjust for him to retain it.'"  *FDIC v. Dintino*, 167 Cal. App. 4th 333, 347 (2008) (citation omitted).

Razavi's quasi-contract claim is based on allegations that Chase unjustly enriched itself by (1) adding fees to the loan balance, and (2) failing to apply his monthly payments to the loan or to pay taxes and insurance as Chase represented it would.  (*See* Opp. at 17; *see also* Compl. ¶¶ 20–21, 125.)  The Court finds these allegations sufficient to plead a quasi-contract claim for restitution.  If Chase collected payments from Razavi to pay property taxes and insurance premiums and did not apply the payments to those expenses or to Razavi's loan balance, then Chase unjustly appropriated money at Razavi's expense.  That Chase did not conduct the foreclosure sale does not matter.  It is enough that Chase collected money from Razavi without applying any of those funds to the purposes for which they were collected.  To the extent Chase violated the law by engaging in foreclosure activity it was not supposed to, (*see* Compl. ¶ 104), any fees generated by the improper foreclosure proceedings unjustly enriched Chase as well.

Therefore, Razavi pleads a quasi-contract claim for unjust enrichment against Chase.

### F.     Breach of the Implied Covenant of Good Faith and Fair Dealing

"There is no obligation to deal fairly or in good faith absent an existing contract." *Racine & Laramie, Ltd. v. Dep't of Parks & Recreation*, 11 Cal. App. 4th 1026, 1032 (1992) (citations omitted).  The implied covenant of good faith and fair dealing "is

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-308-JLS-AGRx                                                       Date: May 15, 2017
Title:  Seyed Ali Razavi v. Caliber Home Loans, Inc., et al.

limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated in the contract." *Id.* (citation omitted). Here, Razavi does not assert any breach of contract claim.  He also fails to identify any express term in any contract that was breached by Chase's conduct.  His Complaint simply states that "Defendants thus breached the loan contract."  (Compl. ¶ 99.)  In addition, Razavi fails to identify in his Opposition any express contract term that was breached.  (*See* Opp. at 11–13.)  Instead, Razavi argues about Chase's duties to Razavi to act in good faith and fairly and Chase's failure to comply with statutory requirements imposed by California law.  *(See id.)*  This is insufficient to trigger breach of the implied covenant of good faith and fair dealing.

Therefore, Razavi fails to state a claim for breach of the implied covenant of good faith and fair dealing.

### G.     Wrongful Foreclosure, Cancellation of Instruments, and Quiet Title

Chase argues that Razavi's claims of wrongful foreclosure, cancellation of instruments, and quiet title must be dismissed because he failed to tender the balance of the loan at the time of the foreclosure sale.  (Mem. at 5.)  "It is settled that an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." *Arnolds Management Corp. v. Eischen*, 158 Cal. App. 3d 575, 578 (1984).  "The application of the tender rule prevents a court from uselessly setting aside a foreclosure sale on a technical ground when the party making the challenge has not established his ability to purchase the property." *Keen v. Am. Home Mortg. Servicing, Inc.*, 664 F. Supp. 2d 1086, 1100 (E.D. Cal. 2009) (citation and internal quotation marks omitted). However, the tender rule does not apply where "it would be inequitable to impose such a condition on the party challenging the sale." *Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 112–13 (2011).

Here, Razavi's wrongful foreclosure, cancellation of instruments, and quiet title claims are not based solely on a technical ground.  Rather, they arise from Razavi's allegations that Chase and the other Defendants negligently misrepresented to him that they would engage in good faith review of his loan modification application and

**CIVIL MINUTES – GENERAL**                      **12**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  8:17-cv-308-JLS-AGRx | Date: May 15, 2017 |
| Title:  Seyed Ali Razavi v. Caliber Home Loans, Inc., et al. | |

otherwise failed to comply with California statutory requirements for lenders and mortgage servicers.  As such, it would be inequitable to require Razavi to allege tender in order to sustain his claims, particularly where some of those claims arise out of Chase's violation of Razavi's statutory right to be contacted about the possibility of alternatives to foreclosure prior to a notice of default.  *See Mabry v. Superior Court*, 185 Cal. App. 4th 208, 225 (2010) (declining to require tender where plaintiffs asserted a "right to be contacted about the possibility of *alternatives* to full payment of arrearages").

Chase further argues that Razavi's wrongful foreclosure, cancellation of instruments, and quiet title claims fail because it was not the party that conducted the Trustee's Sale and it no longer claims any interest on the subject property.  (Mem. at 6, 9, 12.)  Chase contends that therefore it is not the proper object of these claims.  (*Id.*)  Chase's argument is sufficient to defeat Razavi's claims of wrongful foreclosure and quiet title.  A wrongful foreclosure claim is properly brought against a beneficiary or trustee under a deed of trust "who conducts an illegal, fraudulent or willfully oppressive sale of property."  *Yvanova v. New Century Mortg. Corp.*, 62 Cal. 4th 919, 929 (2016); *see also Lona*, 202 Cal. App. 4th at 104.  Here, Chase assigned its interest in the Deed of Trust to U.S. Bank, and U.S. Bank and Caliber then conducted the foreclosure sale.  (*See* Compl. ¶ 41; Compl., Ex. J; Compl., Ex. L, Doc. 1-1; Compl., Ex. M.)  Therefore, Chase was not a beneficiary or trustee who conducted an illegal, fraudulent, or willfully oppressive sale of the property.

As for quiet title, a plaintiff must allege "in simple language that the plaintiff is the owner and in possession of the land and that the defendant claims an interest therein adverse to him."  *South Shore Land Co. v. Petersen*, 226 Cal. App. 2d 725, 740 (1964) (citations omitted).  Here, Chase does not claim any interest in the subject property, (Mem. at 12), and Razavi's pleadings show that Chase assigned its interest in the Deed of Trust to U.S. Bank.  (Compl., Ex. J.)  Chase did not later acquire an interest in the subject property through the foreclosure sale or any other means.  (*See* Compl., Ex. L; Compl., Ex. M (granting "all right title and interest" to U.S. Bank).)  Therefore, there is no quiet title claim to be made against Chase by Razavi regarding the subject property.

However, Razavi does sufficiently allege a claim for cancellation of instruments against Chase.  Razavi seeks to cancel "the Assignments, Notice of Default, Notice of Trustee's Sale and Trustee's Deed Upon Sale."  (Compl. ¶ 88.)  "A written instrument, in

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:17-cv-308-JLS-AGRx | Date: May 15, 2017 |
| Title: Seyed Ali Razavi v. Caliber Home Loans, Inc., et al. | |

respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled." Cal. Civ. Code § 3412. A plaintiff seeking cancellation under Section 3412 must allege facts showing that the instrument is void or voidable. *See Hughes v. Beekley*, 85 Cal. App. 313, 316 (1927). Unlike claims for wrongful foreclosure or quiet title, there is no requirement that the defendant be the party that conducted the foreclosure sale or that currently claims an interest in the subject property.

Razavi may allege a cancellation claim as to those instruments that Chase improperly or unlawfully recorded. The cancellation claim is based, in part, on Razavi's claims of misrepresentation and promissory estoppel against Chase, as well as theories of fraudulent inducement and Chase's violation of the HBOR. (*See* Opp. at 16.) Essentially, Razavi contends that the instruments recorded by Chase are void or voidable because they were improper and unlawful while Chase was considering Razavi's loan modification application, and he is harmed to the extent they are left outstanding. (*See id.*) The Court has already concluded that Razavi adequately pleads his negligent misrepresentation, promissory estoppel, and HBOR claims.

Accordingly, Razavi pleads sufficient facts to state a claim that the instruments Chase recorded are void or voidable and should therefore be cancelled.

### J.     Violation of California UCL

Section 17200 prohibits unfair competition, including any unlawful, unfair, or fraudulent business act or practice. Cal. Bus. & Prof. Code § 17200. Because the statute is written in the disjunctive, it establishes three varieties of unfair competition—unlawful, unfair, or fraudulent. *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). Razavi pleads that Chase has violated all three prongs of the UCL. (Compl. ¶ 113.)

An unlawful business activity includes anything that can properly be called a business practice and that at the same time is forbidden by law. *Blank v. Kirwan*, 39 Cal. 3d 311, 329 (1985) (citation and internal quotation marks omitted); *see also Grodzitsky v. Am. Honda Motor Co.*, No. 2:12-CV-1142-SVW-PLA, 2013 WL 2631326, at *8 (C.D.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-308-JLS-AGRx                                    Date: May 15, 2017
Title:  Seyed Ali Razavi v. Caliber Home Loans, Inc., et al.

Cal. June 12, 2013) (internal quotations and citation omitted) ("A business practice constitutes unfair competition if it is forbidden by any law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made, or if it is unfair, that is, if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers."). Razavi's claim that Chase violated the HBOR by, among other things, engaging in foreclosure activity when it was supposed to be conducting a good faith review of Razavi's loan modification application, qualifies as a business practice that is forbidden by law. Thus, Razavi adequately states a claim under the unlawful prong of the UCL.

### IV.     CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Chase's Motion to Dismiss.  The Court GRANTS Chase's Motion as Razavi's claims for conversion, breach of the implied covenant of good faith and fair dealing, wrongful foreclosure, and quiet title.  The Court DISMISSES WITH PREJUDICE Razavi's wrongful foreclosure and quiet title claims against Chase given that Razavi's Complaint and attachments show that Chase did not conduct the foreclosure sale and has no current interest in the subject property.  Razavi's claims for conversion and breach of the implied covenant of good faith and fair dealing are DISMISSED WITHOUT PREJUDICE with leave to amend consistent with this Order.  The Court DENIES Chase's Motion as to all of Razavi's other claims.  To the extent Razavi seeks to file an amended Complaint, he must do so **within twenty-one (21) days** of this Order.

Initials of Preparer:  tg